IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAHABA DISASTER RECOVERY, LLC, | ) | |
|     Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 11-00161-KD-B |
| | ) | |
| EAGLE TUGS, LLC, d/b/a EAGLE | ) | |
| BOAT COMPANIES, | ) | |
|     Defendant. | ) | |

## ORDER

This matter is before the Court on a review of the record as well as on the Plaintiff Cahaba Disaster Recovery, LLC ("Plaintiff")'s motion for entry of default judgment (Doc. 14), against Defendant Eagle Tugs, LLC, d/b/a Eagle Boat Companies ("Eagle Tugs"), on the grounds that it has failed to plead, answer or otherwise defend in this case.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, as follows with regard to entering a default judgment:

> (b) Entering a Default Judgment.
>
>                             \* \* \*
>
> *(2) By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

FED.R.CIV.P. 55(b)(2).

Upon consideration, for those reasons set forth below, it is **ORDERED** that Plaintiff's motion for entry of default judgment (Doc. 14) is **DENIED** and the Clerk's entry of default against Defendant (Doc. 13) is **VACATED.**

Plaintiff initiated this litigation on April 1, 2011 by filing a Complaint against Eagle Tugs for breach of contract "as a maritime claim."  (Doc. 1).  Plaintiff asserts that this is "an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper pursuant to 28 U.S.C. § 1333."[1]  (Doc. 1 at 1).

Specifically, Plaintiff alleges that it was engaged in a marine-rock-laying (rip rap) construction project in the Gulf of Mexico upon the navigable waters of the United States within 500 yards of the shoreline of Grand Isle, Louisiana.  (Id. at 2).  As alleged, Plaintiff contracted with Eagle Tugs (who owns and charters towboats and barges), in the amount of $172,687.50, for Eagle Tugs to: 1) tow 25,000 tons of rock from the Vulcan Materials Company facility in Arkansas to the Cahaba construction site (including multiple voyages); and 2) pay Vulcan

---

1  Rule 9 provides for Pleading Special Matters, as follows:

> **(h) Admiralty or Maritime Claim.**
> **(1) How Designated.** If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

"Rule 9(h) …operates as an identification mechanism whereby the plaintiff can identify [its] claim as an admiralty or maritime claim and enjoy the benefits (and detriments) associated with such claims. Thus, Rule 9(h) comes into play particularly when a claim has more than one basis of federal jurisdiction to permit the plaintiff to choose the procedural consequences of a civil or admiralty action.[ ]  Where there are two or more basis of jurisdiction, the plaintiff must make an affirmative designation for the admiralty procedures to apply[.]"  SCHOENBAUM, 2 ADM. & MAR. LAW § 21-1 (5th Ed.).  "If…the claim is cognizable not only in admiralty but also on some other ground of federal jurisdiction (such as diversity) the pleader is put to an election whether to invoke the special admiralty procedures and remedies. To plead an admiralty or maritime claim in such a case, the pleading must, in addition to the admiralty jurisdictional allegations, contain an identifying statement (or its equivalent) as follows: This is an admiralty or maritime claim within the meaning of Rule 9(h)."  (Id.)

Materials Company "as a straight 'as through' cost" for the rock. (Id.) According to Plaintiff, for the first shipment, it paid Eagle Tugs $172,687.50 as agreed under the parties' contract, but Eagle Tugs failed to tow the rocks to the Cahaba project site and failed to pay Vulcan Materials for the rock. (Id. at 2-3).

At the outset, Plaintiff has not filed a Corporate Disclosure Statement as is required by the Local Rules (to be filed with the original pleading, or if impossible or impracticable within seven (7) days). S.D. ALA. L.R. 3.4. Both Plaintiff and Eagle Tugs are limited liability companies. The identification of the current membership of the LLCs is necessary to the Court's recusal and conflict determination. This information is also necessary to inform the public as to whether any conflicts exist in a case requiring a judge's recusal.

Additionally, the record reveals that it cannot be determined whether Eagle Tugs has been properly served with process. Specifically, the record reveals as follows for service as to Eagle Tugs: an Alias Summons (Doc. 9) was returned as executed as "personally served…on the individual at Eagle Tugs LLC c/o Garrell Chiasson" on May 17, 2011. (Doc. 11).[2] This proof of service which has been filed as "executed" -- and upon which Plaintiff sought entry of default and now seeks entry of default judgment -- is deficient as it there is no indication as to who "Garrell Chiasson" is, his relationship to Eagle Tugs (if any), and/or whether he is designated by law to accept service of process on behalf of Eagle Tugs.[3]

---

[2] To: Eagle Tugs, LLC, d/b/a Eagle Boat Companies, c/o Garrell Chiasson, 9851 McLeod Road, Mobile, AL, 36695.

[3] Pursuant to Rules 4(h) and 4(e)(1)-(2) of the Federal Rules of Civil Procedure, a corporation can be served by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Service can also be accomplished by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. FED.R.CIV.P 4(h)(1)(B).

The Clerk's entry of Default against Eagle Tugs on August 10, 2011 (Doc. 13) was based upon this deficient proof of service. As such, the entry of default is due to be vacated. Moreover, there is no indication from the record that Plaintiff provided Eagle Tugs with notice of the default proceedings against it, as Plaintiff did not include Eagle Tugs on its certificate of service for either the application for entry of default (Doc. 12 at 2) or motion for default judgment (Doc. 14 at 2).[4]

Accordingly, it is **ORDERED** that Plaintiff's motion for entry of default judgment (Doc. 14) is **DENIED** and the Clerk's entry of default (Doc. 13) is **VACATED.**

**DONE** and **ORDERED** this the **26th** day of **October 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Courts generally require some notice to be given to defendants between the time of service of process and entry of a default judgment. See, e.g., Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Edmonds, Slip Copy, 2009 WL 1158988, *2, n.3 (S.D. Ala. Apr. 29, 2009); Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1083, n.1 (S.D. Ala. 2007). See also e.g., Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1368 (11th Cir. 1982) ("Rule 4, and Rule 5(a) as it applies to parties in default for failure to appear, reflect a policy that a defendant should receive notice of all claims for relief upon which a court may enter judgment…[w]hether the notice be that an action has commenced or that the moving party has added a new or additional claim for relief against a party in default for failure to appear, the need for notice is the same[]"); Padron Warehouse Corp. v. Realty Associates Fund III, L.P., 377 F. Supp. 2d 1259, 1275 (S.D. Fla. 2005) (citing Varnes)).