IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAHABA DISASTER RECOVERY, LLC,<br>    Plaintiff,<br>v.<br><br>EAGLE TUGS, LLC, d/b/a EAGLE<br>BOAT COMPANIES,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 11-00161-KD-B |

**ORDER**

This matter is before the Court on the Plaintiff Cahaba Disaster Recovery, LLC ("Plaintiff")'s Rule 55 renewed motion for default judgment (Doc. 18), against Defendant Eagle Tugs, LLC, d/b/a Eagle Boat Companies ("Eagle Tugs"), on the grounds that said defendant has failed to plead, answer or otherwise defend in this case.

Plaintiff's original motion for default judgment was denied on October 26, 2011 due, in part, to deficient service of process on Eagle Tugs. As detailed in the Court's Order, the Clerk's entry of Default against Eagle Tugs on August 10, 2011 (Doc. 13), which was based upon this deficient proof of service, was vacated on October 26, 2011.

Rule 55 sets out a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default. Fed.R.Civ.P. 55(a). Second, after entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending. Fed.R.Civ.P. 55(b)(2).

**I.      Default**

The Court construes Plaintiff's renewed motion for default judgment as also including a separate renewed application for entry of default against Defendant Eagle Tugs.

The record reveals that Plaintiff initiated this litigation on April 1, 2011. (Doc. 1). On May 17, 2011, the Alias Summons (Doc. 9) was returned as executed as "personally served…on the individual at Eagle Tugs LLC c/o Garrell Chiasson" on May 17, 2011. (Doc. 11). The record reveals that Garrell A. Chiasson is the registered agent for service of process for Defendant Eagle Tugs.[1]   (Doc. 18-1).   Thus, proper service was effected as to Defendant Eagle Tugs, but Defendant has failed to plead, answer, or otherwise defend this case.

As such, Plaintiff's renewed application for entry of default, as contained in Doc. 18, is **GRANTED.** Accordingly, it is **ORDERED** that a **DEFAULT** is entered against Defendant Eagle Tugs for failure to plead, answer or otherwise defend.

**II.     Default Judgment**

Upon consideration of Plaintiff's renewed motion for default judgment pursuant to Rule 55(b)(2), and as default against Eagle Tugs has been entered, the Court finds as follows.

Rule 55(b)(2) of the <u>Federal Rules of Civil Procedure</u> provides, in relevant part, as follows with regard to entering a default judgment:

**(b) Entering a Default Judgment.**
* * *

---

1 Pursuant to Rules 4(h) and 4(e)(1)-(2) of the Federal Rules of Civil Procedure, a corporation can be served by: delivering a copy of the summons and of the complaint to the individual personally; by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Service can also be accomplished by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. FED.R.CIV.P 4(h)(1)(B).

> **(2) *By the Court.*** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

Courts generally require some notice to be given to defendants between the time of service of process and entry of a default judgment. See, e.g., Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Edmonds, Slip Copy, 2009 WL 1158988, *2, n.3 (S.D. Ala. Apr. 29, 2009); Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1083, n.1 (S.D. Ala. 2007). Additionally, the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis omitted). When assessing damages in connection with a default judgment, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2007).

At the outset, the Court is satisfied that Defendant Eagle Tugs is on notice of the default proceedings against it as Plaintiff has represented that it has notified said Defendant of the default proceedings. (Doc. 18 at 2).

As to the merits of Plaintiff's default judgment, the Court is satisfied that the well-pleaded allegations of the complaint state a cause of action against Defendant Eagle Tugs and that there is a substantive, sufficient basis in the pleadings for the relief the Plaintiff seeks.

Additionally, a default has been entered, *supra*, against Defendant Eagle Tugs for failure to plead, answer or otherwise defend this case.

Moreover, as indicated in the Affidavit of Cary A. Des Roches (the Chief Executive Officer of Cahaba (Doc. 18-2 at 1 (Aff. Des Roches at ¶1)), attached to Plaintiff's renewed motion for default judgment, despite being properly served, Defendant Eagle Tugs has failed to plead, answer or otherwise defend this action. (Id. at 2 (Aff. Des Roches)). According to CEO Des Roches, the Plaintiff paid Eagle Tugs $172,687.50 to purchase and transport an initial shipment of 5,000 tons of rock (rip rap) and this payment was comprised of: 1) $119,000 for the towage of the rock (rip rap) from the Vulcan Materials Company facility in Arkansas to the Cahaba project site near Grand Isle, Louisiana; and 2) $53,687.50 ($10.60 per ton) to be paid to the Vulcan Materials Company as a straight "pass through" for the cost of the rock (rip rap). (Id. (Aff. Des Roches at 1 at ¶2)). Despite Plaintiff's payment to Eagle Tugs, however, said defendant failed to perform as required under the parties' contract as it failed to pay the Vulcan Materials Company for the rock (rip rap) and failed to tow the material to the Cahaba project site near Grand Isle, Louisiana. (Id. (Aff. Des Roches at 1-2 at ¶3)). Due to this breach of contract, Plaintiff seeks damages in the amount of $172,687.50. (Id. (Aff. Des Roches at 2 at ¶4)).

Based on the Plaintiff's allegations and evidence of record, Defendant Eagle Tugs is liable to Plaintiff in the amount of $172,687.50 for breach of contract. Accordingly, it is **ORDERED** that Plaintiff's renewed motion for default judgment (Doc. 18) against Defendant Eagle Tugs, LLC, in the amount of **$172,687.50,** is **GRANTED.**

A **Final Default Judgment** consistent with the terms of this Order shall issue contemporaneously herewith.

**DONE** and **ORDERED** this the **1st** day of **November 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**